929 F.2d 695
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roger ZACZEK, Petitioner-Appellant,
v.
SHERIFF OF FAUQUIER COUNTY, Respondent-Appellee.
 No. 90-6617.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 30, 1991.
Decided April 1, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CA-89-1089-AM)
 Roger Zaczek, appellant pro se.
 Linwood Theodore Wells, Jr., Assistant Attorney General, Richmond, Va., for appellee.
 E.D.Va.
 VACATED AND REMANDED.
 Before K.K. HALL, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Roger Zaczek, a Virginia prisoner, brought this 28 U.S.C. Sec. 2254 petition attacking his 1989 conviction on two counts of abduction and two counts of use of a firearm in the commission of a felony. He alleged that the convictions were improper in that he was subjected to double jeopardy and that there was insufficient evidence to support his conviction. The district court, relying on the opinion of the Virginia Supreme Court in Zaczek's pretrial habeas petition, dismissed the action as procedurally barred. Zaczek appealed; he also filed a motion for bail pending appeal.
 
 
 2
 Zaczek was tried on a charge of attempted burglary. He was acquitted on that charge, but he was then tried on abduction and firearms charges arising out of the same incident. He contended all through the state proceedings, as well as before the district court and this Court, that the second prosecution violated the double jeopardy clause because the state used the abduction to prove the overt act essential to the attempted burglary charge. The state then used the same action in the second prosecution to prove abduction. He relied on Grady v. Corbin, 58 U.S.L.W. 4599 (U.S.1990), in which the Supreme Court held that the double jeopardy clause bars a second prosecution if, to establish an essential element of the offense charged, the government will prove conduct that constituted an offense for which the defendant has already been prosecuted.
 
 
 3
 Zaczek brought a pretrial habeas petition in the Circuit Court for Fauquier County, Virginia, alleging that a second trial would violate the double jeopardy clause, but the court dismissed the petition for lack of jurisdiction on October 18, 1988. He filed another pretrial habeas petition in the Virginia Supreme Court, which denied the petition on May 9, 1989.[1] Zaczek was then tried on the charges, and he was convicted on May 29, 1989. He filed his federal habeas petition in the district court on June 13, 1989, but continued to pursue his state remedies. He appealed to the Virginia Court of Appeals, but the appeal was denied on February 15, 1990. He filed a late notice of appeal to the Virginia Supreme Court, and the appeal was dismissed on April 17, 1990, as untimely.
 
 
 4
 The district court dismissed the federal habeas petition as procedurally barred on June 11, 1990. The district court relied on the Virginia Supreme Court's dismissal of the pretrial habeas petition as a finding that the claims were procedurally barred. However, we hold that the court's reliance was misplaced because Zaczek had not yet been convicted at the time of the denial of the state habeas petition, so his claims were not yet procedurally barred.[2]
 
 
 5
 Because Zaczek has not yet filed a state habeas petition, the federal habeas petition could have been dismissed without prejudice for failure to exhaust state remedies. 28 U.S.C. Sec. 2254(b). In the alternative, even if Zaczek had filed a state post-conviction habeas petition, it is possible that the state court would dismiss the petition for procedural default. Zaczek's failure to timely appeal to the Virginia Supreme Court in the course of his direct appeal may have been a plain enough procedural default that the district court could have dismissed on procedural default grounds. Coleman v. Thompson, 895 F.2d 139 (4th Cir.) (late notice of appeal constituted procedural default upon which federal court could rely in support of dismissal of habeas petition), cert. granted, 59 U.S.L.W. 3325 (U.S.1990).
 
 
 6
 If there exists a reasonable possibility that the state court could apply an exception to its procedural rules, the district court's order should be vacated and the case should be remanded for entry of an order of dismissal without prejudice for failing to exhaust state remedies. Meadows v. Legursky, 904 F.2d 903, 908-09 (4th Cir.), cert. denied, 59 U.S.L.W. 3391 (U.S.1990); Richardson v. Turner, 716 F.2d 1059 (4th Cir.1983). The relevant inquiry, then, is whether it is likely that there is further state habeas review available to Zaczek. Meadows v. Legursky, 904 F.2d at 908-09. Zaczek's failure to timely file his notice of appeal to the Virginia Supreme Court would normally be sufficient to establish default in Virginia. See Coleman v. Thompson, 895 F.2d at 144. However, Zaczek contended that the reason his notice of appeal was late was that he gave it to prison officials before the expiration of the appeal period, but because of a delay in the prison mailroom the petition was late. In federal court this sort of delay would be excused under Houston v. Lack, 487 U.S. 266 (1988). It is possible that the Virginia court would adopt such a rule given a case with the proper circumstances, such as this one. Because the Virginia courts may make an exception to this procedural rule, Zaczek may not be precluded from seeking relief in a state habeas proceeding.
 
 
 7
 We grant a certificate of probable cause to appeal. We vacate the district court's order and remand with instructions to dismiss the appeal without prejudice for failure to exhaust state remedies. We deny Zaczek's motion for release on bail pending appeal in light of the disposition of the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 8
 VACATED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 [1]
 Both Zaczek and the state contend that the Virginia Supreme Court's opinion related to a pretrial petition in the case at bar. The petition was dismissed on procedural bar grounds, but as the opinion was filed prior to Zaczek's conviction, it is possible that it related to some case other than this one, as the petition would probably not be procedurally barred prior to conviction
 
 
 [2]
 There is nothing in the record to suggest that Zaczek has yet filed a post-conviction habeas petition in state court