# Staunton

ELLOUISE BLOXOM MEARS v. BROOKS T. MEARS.

September 10, 1965.

Record No. 6003.

Present, Eggleston, C. J., and Spratley, I'Anson, Carrico and Gordon, JJ.

*Melvin J. Radin* (*Louis B. Fine; Fine, Fine, Legum, Schwan & Fine*, on brief), for the appellant.

*William King Mapp* (*Mapp & Mapp*, on brief), for the appellee.

GORDON, J., delivered the opinion of the court.

We do not reach the merits of this appeal; the motion to dismiss must be sustained.

The appellee moved this court to dismiss the appeal on the ground that the notice of appeal and assignments of error were not filed in the clerk's office within the time specified by our Rule 5:1, § 4. That Rule proscribes the allowance of an appeal "unless, prior to the expiration of sixty days after final judgment, counsel files with the clerk notice of appeal and assignments of error."

The final decree appealed from was entered in the Circuit Court of Accomack County on February 7, 1964. According to the record, the paper containing the notice of appeal and assignments of error was filed with the clerk of that court on April 13, 1964—more than sixty days after February 7, 1964. The notation on the paper, which was transmitted to this court as part of the record, is: "FILED April Term 1964 (April 13) TESTE: J. Fulton Ayres, CLERK By /s/ Beulah Lowe Mason, Dep."

The requirement of Rule 5:1, § 4, is mandatory; the notice of appeal and assignments of error must be filed before the expiration of sixty days. *Hall* v. *Hall*, 192 Va. 721, 66 S.E. 2d 595. Furthermore, as stated in *Leigh* v. *Commonwealth*, 192 Va. 583, 66 S.E. 2d 586, "Ordinarily, the date of filing noted by the clerk on papers filed in his office is conclusive." See 192 Va. 583, 585, 66 S.E. 2d 586, 588.

Counsel for the appellant argues that the clerk's notation of April 13, 1964 as the date of filing should not be conclusive in this case. He says it is apparent that the paper was not filed on that day; that it was filed earlier and within the time specified by the Rule. In support of his position, counsel represents that he mailed the original of the notice of appeal and assignments of error to the clerk on March 24, 1964, and he saw that paper in the court file[1] on March 30, 1964, while conferring with the judge concerning the authentication of the transcript of the testimony in this case.

Mailing of the notice of appeal and assignments of error to the clerk does not satisfy the requirement of Rule 5:1, § 4. The requirement of the Rule is met only if "counsel files with the clerk"

---

[1] Counsel's reference to the "court file" is apparently to the original papers in the cause filed by the clerk and maintained in his office in a folder or jacket.

the notice of appeal and assignments of error within the specified period; and, as provided in Rule 5:1, § 2, to file with the clerk means to "deliver" the paper to the clerk of the court from which the appeal is taken. Counsel who mails a paper assumes the risk that the paper may be delayed in transit or may not be received. It is "filed" when delivered to the clerk by the agent selected by counsel.

█ If counsel saw the paper in the court file on March 30, he was put on notice that it had not been marked filed or that it bore a notation of filing on April 13. Accordingly, we find that, accepting counsel's recollection as correct, it was incumbent upon him on March 30 to cause the clerk to make notation on the paper that it had been filed on that day or on an earlier day or, if it bore a notation of filing on April 13, to cause the clerk to substitute the correct date. Counsel not having done this, we cannot accept his recollection of seeing the paper in the court file on March 30 as contradicting the date of filing as shown by the record.

Moreover, while there is no question of counsel's good faith in stating his recollection of seeing the paper in the court file on March 30, 1964, counsel's affidavit does not clearly impeach the deputy clerk's accuracy in noting April 13, 1964 as the day of the filing. The circumstances under which the appellant's counsel saw the notice of appeal and assignments of error in the court file on March 30, 1964, according to his affidavit dated December 12, 1964, may be summarized as follows:

On March 24, 1964, counsel mailed to the clerk (and to opposing counsel) a notice that he would present the transcript of the testimony to the judge on March 30, 1964, for certification. On March 30, 1964, he presented, and requested the judge to sign, a certificate respecting the transcript. (Under Rule 5:1, § 3, the judge's signature to such a certificate serves to authenticate the transcript and make it a part of the record.) Counsel then requested the judge to permit him to examine the court file, which was in the judge's possession, so that he might list the exhibits in the certificate. (The second paragraph of the certificate, which had been prepared by counsel before presentation to the judge, contained a statement to the effect that the original exhibits had been initialed by the judge for the purpose of identification. A blank space appeared in that paragraph, so that the exhibits might be listed before the certificate was signed.) The judge handed the court file to counsel, who

examined it and listed the exhibit numbers in the certificate. While examining the court file, counsel saw therein the original of the notice of appeal and assignments of error.

Counsel's efforts to impeach the deputy clerk are based, then, upon his recollection on December 12, 1964 (the date of his affidavit) of events that took place while he was conferring with the judge on March 30, 1964. And, as demonstrated by the record, counsel's recollection of one event that took place on March 30 is erroneous. He stated in his affidavit that he listed the exhibit numbers in the blank space in the second paragraph of the certificate respecting the transcript, while he was with the judge on March 30. An inspection of the original certificate in the record reveals, however, that no exhibit was listed in the second paragraph. Nothing was inserted in the blank space in the second paragraph, and the entire paragraph was crossed out before transmission of the record to us—no doubt, before the judge signed the certificate. In fact, the certificate appearing in the record contains no listing of exhibits, either in the second paragraph or elsewhere.

The affidavit of the deputy clerk, who filed the notice of appeal and assignments of error, supports the accuracy of her notation of April 13, 1964 on the paper. True, she admitted that she had no independent recollection of the filing of the paper, which is understandable. She described, however, the uniform practice in the clerk's office with respect to the filing of papers. This practice, as set forth in her affidavit, will be outlined in the next succeeding paragraph.

Papers delivered to or received by the clerk of the Circuit Court of Accomack County are handed by him to this deputy (that is, the deputy who made the notation on the paper in question) for filing on the day received by him. If this deputy is not in the office at the time, the paper is delivered to her co-deputy for filing or, if neither is in the office, the clerk makes a pencil notation on the paper, indicating the day and the hour of receipt by him. When this deputy or the co-deputy returns to the office, the clerk delivers the paper to her for filing, and she marks on the paper the date of its receipt, as shown by the clerk's pencil notation.

The clerk's affidavit is also to the effect that he has no independent recollection of the paper in question, but that to the best of his knowledge and belief each paper received in his office for filing (whether delivered in person or received through the mails) has

448

been, throughout the tenure of his office, marked filed on the day the paper was received in his office. He also expressed in the affidavit his belief that the deputy clerk, who made the notation of the date of filing on the paper in question, is thoroughly competent and accurate.

Counsel contends that the statements in the affidavits of the clerk and deputy clerk, to the effect that papers are always filed on the date of receipt, are contradicted by the obvious error made by the clerk in this case in certifying that the transcript of the testimony, certified by the judge, was filed in the clerk's office on October 7, 1963.[2] He points out that the transcript was not presented to the judge for certification until March 30, 1964, and the judge's certificate was dated April 6, 1964. But counsel is mistaken in his belief that the transcript was not filed with the clerk on October 7, 1963, as will be pointed out.

The accuracy of the deputy clerk's notation and the clerk's certificate that the transcript was filed in his office in October 1963 is supported by a letter of transmittal attached to the cover of the transcript—a letter dated October 4, 1963 from the court reporter, addressed to the judge. This letter advises the judge that the transcript of the testimony is enclosed. It appears, then, that the judge received the transcript from the court reporter shortly after October 4, 1963, and the judge delivered the transcript to the clerk on October 7, 1963, as noted by the clerk and his deputy. The clerk probably made the incorrect statement in the certificate—that the judge had certified the transcript before it was filed in the clerk's office on October 7, 1963—because he had received the transcript from the judge. In any event, the notation and the certificate of the filing of the transcript on October 7, 1963, which the record indicates was the date of filing, in no way impeach the statements in the affidavits to the effect that papers are always filed in the clerk's office on the day of receipt.

This case is unlike *Leigh* v. *Commonwealth, supra,* 192 Va. 583, 66 S.E. 2d 586, where a motion to dismiss the writ of error was overruled. In that case, there was evidence that the notice of appeal and assignments of error were handed to the deputy clerk within the

---

[2] The bottom of the last page of the reporter's transcript of the testimony bears a notation, made by the deputy clerk, that it was filed in the clerk's office on October 7, 1963. That page is followed by a page containing the clerk's certificate to the effect that the transcript, certified by the judge, was filed in his office on October 7, 1963. The judge's certificate dated April 6, 1964, authenticating the transcript, appears on the next following page.

sixty-day period, and the deputy clerk admitted: "It could be that I did not mark it filed the day it was received and afterward, in getting the papers together preparatory to making up the original record to be sent to the Supreme Court, I might have noticed that the Notice of Appeal had not been marked filed and accordingly marked it filed on that date..." See 192 Va. 583, 586, 66 S.E. 2d 586, 588.

*Appeal dismissed.*