## Richmond

RICHARD TERRY THARP, ALIAS, ETC. v. COMMONWEALTH OF VIRGINIA.

RICHARD TERRY THARD, ALIAS, ETC. v. COMMONWEALTH OF VIRGINIA.

RICHARD TERRY THARP v. COMMONWEALTH OF VIRGINIA.

June 15, 1970.

Record Nos. 7226, 7227 and 7228.

Present, All the Justices.

*Ronald J. Berg*, for plaintiff in error in Record Nos. 7226, 7227 and 7228.

*William P. Bagwell, Jr., Assistant Attorney General (Robert Y.*

*Button, Attorney General,* on brief), for defendant in error in Record Nos. 7226, 7227, 7228.

Per Curiam.

On August 26, 1968, defendant Richard Terry Tharp was convicted on each of three indictments for felonies. On the same day, the trial court entered a conviction order on all indictments, but on motion of Tharp's retained counsel, Ronald J. Berg, Esquire, suspended execution of the order for a period of sixty days to give Tharp an opportunity to apply to this Court for writs of error. Nothing was done until November 1, 1968, when Tharp filed an affidavit of poverty and the court appointed Berg as his counsel to perfect appeals to this Court.

Counsel presented a petition for a writ of error to a Justice of this Court on February 17, 1969, more than four months after the date of the conviction order appealed from. On April 29, 1969, we awarded Tharp writs of error to the order on all indictments.

The applicable statute provides, "No petition shall be presented for an appeal from, or writ of error or supersedeas to, any final judgment . . . which shall have been rendered more than four months before the petition is presented". Code of Virginia, § 8-463. And our Rule 5:4 provides, "The petition for appeal and the record shall be filed with the clerk of this Court . . . or presented to a Justice within the time allowed by statute for presenting a petition for appeal".

The time limit fixed by Code § 8-463 is jurisdictional. *Cousins* v. *Commonwealth,* 187 Va. 506, 47 S.E.2d 391 (1948). The writs of error awarded Tharp by this Court therefore were improvidently awarded and will be dismissed.

It is true that during the past several years we have granted requests for extensions of time for filing petitions for writs of error in criminal cases and habeas corpus proceedings. In fact, we have granted such requests liberally in the interest of insuring that defendants' rights to appeal would not be abridged by counsel's failure to file petitions within the time required by statute.

Our practice of granting extensions has led to abuse. Anticipating our indulgence, certain members of the bar have inexcusably failed to file timely petitions for writs of error in criminal cases. Instead of advancing the administration of justice, as intended, we find that our practice of granting extensions has contributed to delay in the disposition of criminal appeals.

Henceforth we will extend the time for filing a petition for a writ of error only if it is found that to deny the extension would abridge a constitutional right.

*Writs dismissed.*