## Richmond

DONALD W. VAUGHN AND FRANCES A. VAUGHN v. CAROLYN
F. VAUGHN, ADMINISTRATRIX OF THE
ESTATE OF DONALD W. VAUGHN,
JR., DECEASED.

December 2, 1974.

Record No. 731028.

Present, All the Justices.

*Henry H. Whiting (Kuykendall, Whiting & Costello*, on brief),
for appellants.

*Thomas V. Monahan (Hall, Monahan, Engle, Mahan &
Mitchell*, on brief), for appellee.

*Per Curiam.*

Donald W. Vaughn and Frances A. Vaughn, his wife, acquired
an option to buy a portion of a tract of land owned by their son
Donald W. Vaughn, Jr., and his wife, Carolyn F. Vaughn, as
tenants by the entirety. After the son's death, his parents elected
to exercise the option. When Carolyn refused to sell, the
optionees filed a bill of complaint for specific performance,
naming as parties-respondent "Carolyn F. Vaughn, Individually
and as Administratrix of the Estate of Donald W. Vaughn, Jr."
By letter opinion dated July 30, 1973, incorporated by reference in
the final decree entered August 27, 1973, the chancellor
sustained respondents' demurrer to the bill. The optionees
assigned error to that ruling.

Because we hold that as to Carolyn F. Vaughn, individually, the appeal was not perfected according to law, we do not consider the assignments of error.

At the time the bill was filed, Carolyn F. Vaughn, by right of survivorship, was sole owner of the optioned land and as such was the sole party-respondent in interest. In the bill, the subpoena in chancery, and the proof of service, she was named both individually and as administratrix of the estate of her late husband. The same was true in the captions of the demurrer, the bill of particulars as to demurrer, and the letter opinion sustaining the demurrer.

In the captions of other pleadings and the final decree, she was named only as administratrix. Similarly, in the captions of the notice of appeal and assignments of error and the petition for appeal and supersedeas she was not named individually. The notice of appeal and assignments of error was addressed to "Thomas V. Monahan, Esquire, Attorney for Carolyn F. Vaughn, Administratrix of the Estate of Donald W. Vaughn, Jr." In the notice certificate appended to the petition for appeal, appellants certified that "Appellee is Carolyn F. Vaughn, administratrix of the estate of Donald W. Vaughn, Jr., deceased."

When the subpoena was served and a general appearance was entered, the chancellor acquired personal jurisdiction over Carolyn F. Vaughn, individually. Carolyn F. Vaughn, individually, was never dismissed as a party-respondent. Carolyn F. Vaughn, individually, was named in the caption of the letter opinion sustaining the demurrer. That letter opinion, incorporated by reference in the final decree, became binding upon Carolyn F. Vaughn, individually, effective with the entry of the final decree on August 27, 1973.

Notice of appeal and assignments of error must be filed "within thirty days after entry of final judgment." Rule 5:6. That rule, like its predecessor, Rule 5:1, § 4, is mandatory. *Mears* v. *Mears*, 206 Va. 444, 445, 143 S.E.2d 889, 890 (1965). Petitions for appeal must be presented within four months following final judgment. Code § 8-463 (Repl. Vol. 1957). That rule is jurisdictional. *Tharp* v. *Commonwealth*, 211 Va. 1, 175 S.E.2d 277 (1970). As to Carolyn F. Vaughn, individually, appellants failed to comply with those rules. Carolyn F. Vaughn, administratrix, is not a party-respon-

dent in interest. Since the appeal was not perfected according to law, it is dismissed as improvidently awarded.

*Appeal dismissed.*