## CIRCUIT COURT OF LOUDOUN COUNTY

Thomas J. Roberts

v.

Virginia State Board of Medicine

September 16, 1983

Case No. (Chancery) 8929

By JUDGE WILLIAM SHORE ROBERTSON

In this case, the plaintiff, Dr. Thomas J. Roberts, seeks by petition to appeal and have reviewed an order of the defendant, the Va. State Board of Medicine, revoking his license to practice medicine to which the defendant Board filed its demurrer on the grounds that the plaintiff did not allege compliance with Part Two A of the Rules of Court. On July 13, 1983, the demurrer was argued and upon the issues raised by it counsel filed memoranda.

The Court has now considered the argument of counsel and the memoranda filed; and after doing so, the Court is of the opinion that the defendant's demurrer ought be sustained. In their memoranda, counsel have each set out a statement of facts so that no further purpose would be served by a restating of the facts here. For the purpose of the Court's opinion these facts will be adopted. The sole question raised by the demurrer is whether Dr. Roberts's failure to file a notice of appeal with the Board's secretary is jurisdictional to this Court's consideration of this case.

In answering this question, the Court must first determine the applicable procedures which must be followed for the Court to consider such an appeal. Va. Code Section 54-320 provides that a medical practitioner, who, as here, has had his license revoked, may appeal from the decision of the Board to the Circuit Court of the jurisdiction within which he resides and the proceedings in that

Court shall be governed by Va. Code Sections 9.6-13 and 9.6-14. These provisions of law were repealed in 1975, but in their place, the appropriate provisions of the Administrative Process Act were substituted. Va. Code Section 9.6-14:2(B). Those provisions, which are Va. Code Sections 9-6.14:15 through 9-6.14:19, provide that the judicial review of the Board's decision shall be "in the manner provided by the Rules of the Supreme Court of Virginia." Va. Code Section 9-6.14:16. The review procedures referred to are found in Rule 2A:1 et seq. Pursuant to Rule 2A:2, a person appealing a case decision *shall* file within 30 days after the entry of the final order, with the agency's secretary a notice of appeal signed by him or his counsel.

Dr. Roberts concedes that this was not done but he argues that no such rule notice was necessary. In support of this position, he argues that pursuant to Va. Code Section 9-6.14:16, as a person aggrieved by a final order, he had a choice to either proceed "pursuant to express provisions of direct review therefore in the basic law under which the agency acted" or "in the absence, inapplicability, or inadequacy of such special statutory form of Court review proceeding, by an appropriate and timely Court action against the agency. . . in the manner provided by the Rules of the Supreme Court of Virginia." He further argues that because he elected the former procedure by direct review under the basic law pursuant to Va. Code Section 54-320, no notice of appeal under Rule 2A:2 is required. The difficulty with this argument is that the appeal procedural scheme under Va. Code Section 54-320 is totally inadequate to govern such an appeal. As such, the latter provision of Va. Code Section 9-6.14:16 must apply, which provision incorporates the Rules of Court. By way of contrast, for an agency with adequate judicial review procedures set forth in its basic law, see Va. Code Section 62.1-44.29 as to the State Water Control Board, even there requiring a 30-day notice of appeal to that Board and other procedural requirements.

Having concluded that Rule 2A:2 is applicable and that the mandatory notice of appeal was not filed, I must now turn to the issue of whether it is jurisdictional to this Court's consideration of Dr. Roberts' appeal. When the word "shall" appears in a statute (or a rule) it is generally used in an imperative and mandatory sense. The "shall" language in Rule 2A:2 is thus imperative and

mandatory in the same sense that such language is imperative and mandatory in Rule 5:6 governing appeals to the Supreme Court of Virginia, which Court has held that the time limitations therein are a bar to an appeal and will not be extended unless an abridgment of a constitutional right would result. *Vaughn v. Vaughn*, 215 Va. 328 (1974). Since no constitutional abridgment is alleged here, even that exception has no application.

Last, I conclude that actual notice, even if it existed does not cure the jurisdictional defect caused by Dr. Roberts' failure to comply with Rule 2A:2. e.g. *Blankenship v. Virginia U.C.C.*, 177 Va. 250 (1941) (workman's compensation); *Tharp v. Commonwealth*, 211 Va. 1 (1970) (a criminal case); and *Shawley v. Thea-Ball*, 216 Va. 442 (1975) (a workman's compensation case).

Ms. Creef [assistant attorney general] is requested to prepare an appropriate order sustaining the Board's demurrer which, because it is based upon a holding that the Court is without jurisdiction in this matter, shall be a final order.