## Richmond

QULLANIECE UPSHUR, A MINOR, ETC.

V.

HAYNES FURNITURE COMPANY, INC.

Record No. 820915.

REGINALD UPSHUR, A MINOR, ETC.

V.

HAYNES FURNITURE COMPANY, INC.

Record No. 820916.

January 18, 1985.

Present: All the Justices.

*William P. Robinson, Jr. (Robinson, Eichler, Zaleski & Mason*, on brief), for appellant. (Records Nos. 820915 & 820916).
*Palmer S. Rutherford, Jr. (George J. Dancigers; Willcox, Savage, Dickson, Hollis & Eley, P.C.*, on brief), for appellee. (Records Nos. 820915 & 820916).

PER CURIAM.

We granted plaintiffs in two personal injury cases a combined appeal from judgments sustaining defendant's pleas of the statute of limitations, and defendant filed motions to dismiss for want of jurisdiction. We will state the facts, common to both motions, in the singular.

Under Code § 30-5, a litigant represented by a member of the General Assembly is entitled to a continuance in a court proceeding "during the period beginning thirty days prior to the com-

mencement of the session and ending thirty days after the adjournment thereof", and "[t]he period required . . . for the filing of any pleading . . . shall be extended until thirty days after any such session." The trial court entered judgment November 24, 1981. The 1982 session of the General Assembly convened in January 1982. Because plaintiff's counsel was a member of the General Assembly, we entered an order extending the time for filing the petition for appeal "until thirty days after adjournment of the 1982 regular session". Plaintiff had not filed a petition when that session adjourned *sine die* March 13, 1982.

However, the General Assembly reconvened in a special, one-day session April 21, 1982, and the petition was filed May 21, 1982. Since this was within thirty days after adjournment of the special session, plaintiff argues that the petition was timely filed. He reasons that the statute extends the filing period for 30 days after the regular session, 30 days prior to commencement of the special session, and 30 days after adjournment of the special session. We disagree.

For purposes of this opinion, we accept plaintiff's contention that Code § 30-5 "makes no distinction between regular and special sessions". But, whether the session is regular or special, the statute authorizes the filing extension for a particular session and limits that extension to "thirty days after any such session." It makes no provision for extending the filing time for a pleading required to be filed *prior* to commencement of the session. Hence, the order we entered was in accord with the distinction the statute draws between a filing extension and a continuance.

Here, the filing extension authorized for the regular session expired April 12, 1982, and the petition for appeal was not filed until 39 days later. The time for filing petitions for appeal fixed in Code § 8.01-671 and Rule 5:24 is jurisdictional. *Vaughn* v. *Vaughn*, 215 Va. 328, 329, 210 S.E.2d 140, 142 (1974); *Tharp* v. *Commonwealth*, 211 Va. 1, 2, 175 S.E.2d 277, 278 (1970). We hold, therefore, that this Court is without jurisdiction to consider these appeals on the merits, that the appeals were improvidently awarded, and that the motions to dismiss must be granted.

*Appeals dismissed.*