**Richmond**

JAMES JAY LONG

v.

COMMONWEALTH OF VIRGINIA

No. 1177-87-3

Decided December 20, 1988

504

COUNSEL

Deborah S. Caldwell (Keilkopf & Albert, on brief), for petitioner

James W. Updike, Jr., Commonwealth's Attorney for Bedford County, for respondent.

OPINION

**PER CURIAM**—James Jay Long petitioned this Court to reverse his convictions of assault and battery, in violation of Code § 18.2-57, and using abusive language, in violation of Code § 18.2-416. Because the petition for appeal was not filed with the Clerk of our

Court in accordance with Rules 5A:3 and 5A:12, we dismiss.

■ Rule 5A:12(a) states, in pertinent part: "When an appeal to the Court of Appeals does not lie as a matter of right, a petition for appeal must be filed with the clerk of the Court of Appeals not more than 40 days after the filing of the record with the Court of Appeals." (emphasis added). *See also* Code § 17-116.05:3.

■ Rule 5A:3(a) states: "The times prescribed for filing the notice of appeal . . ., a petition for appeal . . ., a petition for rehearing . . ., and a request for rehearing en banc . . ., are mandatory." In addition, Rule 5A:3(c) states:

Any document required to be filed with the clerk of the Court of Appeals, or filed in the office of the clerk of the Court of Appeals, shall be deemed to be timely filed if it is mailed postage prepaid to the clerk of the Court of Appeals by *registered or certified mail* and if the official receipt therefor be exhibited upon demand of the clerk or any party and it shows mailing within the prescribed time limits.

(emphasis added).

In the present case, the record was filed with the Court of Appeals on October 23, 1987. Therefore, the petition was due on December 2, 1987, and pursuant to Rule 5A:3(c), would have been considered timely filed if mailed postage prepaid by registered or certified mail on or before that date. The petition was mailed on December 2, 1987, and was received in the clerk's office of the Court of Appeals on December 7. However, it was mailed by first class mail, not by registered or certified mail as required by the Rules of Court.

■ The language in Rules 5A:3 and 5A:12 is clear, unambiguous, and mandatory. As this Court stated in *Mayo v. Dep't of Commerce*, 4 Va. App. 520, 522, 358 S.E.2d 759, 761 (1987):

[R]ules governing appeal procedures are mandatory and "compliance with them is necessary for the orderly, fair and expeditious administration of justice." Failure to comply with the rules renders an appeal subject to dismissal.

(citations omitted).

■ In addition, the forty-day time limit in Rule 5A:12(a) for filing a petition for appeal is a jurisdictional requirement. *See Upshur v. Haynes Furniture Co.*, 228 Va. 595, 597, 324 S.E.2d 653, 654 (1985)(where the Supreme Court, in interpreting its own filing requirements stated: "The time for filing petitions for appeal fixed in Code § 8.01-671 and Rule 5:24 is jurisdictional"); *see also Vaughn v. Vaughn*, 215 Va. 328, 329, 210 S.E.2d 140, 142 (1974); *Tharp v. Commonwealth*, 211 Va. 1, 2, 175 S.E.2d 277, 278 (1970). The timely filing of a petition for appeal is not merely an administrative function, designed to facilitate matters in the clerk's office of the Court of Appeals, as is the requirement for mailing a copy, not the original, of the notice of appeal to our clerk's office. *See Johnson v. Commonwealth*, 1 Va. App. 510, 513, 339 S.E.2d 919, 920 (1986).

■ Likewise, Rule 5A:3(c) states that a petition "shall be deemed to be timely filed" if mailed by one of two prescribed methods. Since the Rule specifically lists the appropriate mailing methods, without mentioning first class mail as an alternative, we must presume that method is intended to be excluded. "If the language of a statute is plain and unambiguous and its meaning perfectly clear and definite, effect must be given to it regardless of what courts think of its wisdom or policy." *Temple v. City of Petersburg*, 182 Va. 418, 423, 29 S.E.2d 357, 358 (1944).

■ Finally, we note that although Rule 5A:12(a) vests this Court with discretionary authority to grant a thirty-day extension of the filing deadline, no timely motion for such action was made in this case. As with motions to extend the time for filing transcripts, motions to extend the filing deadline for petitions must be filed, and granted, before the original deadline has passed. "Orders extending the time for filing must be prospective and not retrospective." *Jordan v. Price*, 3 Va. App. 672, 673, 353 S.E.2d 168, 168 (1987).

Therefore, the petition is dismissed.

*Dismissed.*

Baker, J., Barrow, J., Cole, J., Coleman, J., Duff, J., Hodges, J., and Moon, J., concurred.

Benton, J., joined by Koontz, C.J., dissenting.

I

Rule 5A:12(a) states:

When an appeal to the Court of Appeals does not lie as a matter of right, a petition for appeal must be filed with the clerk of the Court of Appeals not more than 40 days after the filing of the record with the Court of Appeals. *An extension of 30 days may be granted on motion in the discretion of the Court of Appeals in order to attain the ends of justice.* Four copies shall be filed. Carbon copies are acceptable. (emphasis added).

Because the petition for review of James Jay Long's conviction was mailed on the fortieth day after the filing of the record by first class mail rather than "by registered or certified mail" (as permitted by Rule 5A:3(c)), the majority holds that the petition is untimely. Furthermore, the majority is apparently unwilling to extend the time so as to allow the filing of Long's petition, which was received in the clerk's office on the forty-fifth day after the filing of the record. I would extend the time for filing the petition by five days; therefore, I dissent from the dismissal of this petition.

It is not disputed that the petition in this case was mailed within the prescribed time limit. It was received by the Commonwealth and by the clerk of this Court in the regular course of business, just as it would have been received if sent by registered or certified mail. The Commonwealth filed a response to the merits of the petition and did not seek a procedural dismissal of the petition until directed to respond to the *sua sponte* order of this Court. The Commonwealth also stipulated in this Court that "the Commonwealth of Virginia suffered no prejudice as the result of having received said petition for appeal" two days after it was mailed. Without explanation, the majority opinion fails to inquire whether the breach of the rule was a result of excusable neglect, whether good cause exists for extending the filing time, or, most significantly, whether proof of mailing within the prescribed time limit, even if only by first class mail, is sufficiently the functional equivalent of the rule requirement so as to satisfy the spirit of the

rule, in the absence of an intent to disregard its letter. I believe that such inquiries compel the conclusion that the time should be extended five days as permitted by Rule 5A:12(a).

## II

The majority rotely interposes *Jordan v. Price*, 3 Va. App. 672, 353 S.E.2d 168 (1987), as a reason for refusing to extend the time for filing the petition by five days. Without citing any controlling precedent, a panel of this Court held in *Jordan*, 3 Va. App. at 673, 353 S.E.2d at 168, that leave to extend the date for filing a *transcript* must be granted before the deadline occurs. No general rule of law prohibits a trial court from exercising its discretion to extend the time for filing a transcript when the failure to act within the time prescribed was the result of excusable neglect or when other good cause is shown. Moreover, Rule 5A:8(a) explicitly states that "[t]he judge of the trial court may extend [the transcript filing] time for good cause shown."

No precedent or rational reason exists for extending *Jordan's* rigid rule to the filing of petitions in this Court. Rule 5A:12(a) explicitly authorizes this Court to grant an extension of thirty days for the filing of a petition. The majority's conclusion that "[o]rders extending the time for filing must be prospective and not retrospective" is simply unsupportable and inconsistent with the spirit, if not the letter, of Rule 1:9 which states that "[t]he time allowed for filing pleadings may be extended by the court in its discretion and such extension may be granted although the time fixed already has expired . . . ."

## III

This Court's refusal to exercise its ability to extend the filing time so as to allow a merits review of this case only perpetuates the inefficiency and delay that embroils the criminal justice system. In order to secure a merits review of his conviction, this petitioner now must either seek reversal by an appeal to the Supreme Court or file a habeas corpus petition in the circuit court. If a habeas corpus petition is filed, the Commonwealth will file the predictable response that petitioner was impermissibly denied a right to petition for review. Undoubtedly, the circuit court will conclude (as has happened in countless other cases dismissed for

similar reasons) that petitioner has been denied his right to petition for appeal. It will then order the Commonwealth to petition this Court "to allow petitioner to belatedly appeal the . . . conviction, or to retry the petitioner if the Commonwealth be so advised." This Court routinely grants such petitions and eventually conducts a delayed merits review. This scenario, of course, assumes that a petitioner is informed or understands that his review has been terminated for procedural reasons. Significantly, at no point in this process is the derelict party, the attorney who neglected her obligation to her client, called upon to account for the neglect or otherwise sanctioned with a view toward eliminating negligent practice.

I would grant an extension of five days, issue an appropriate sanction for failure to comply with the rules, and proceed to review the petition for appeal.

Keenan, J., dissenting.

I dissent from the dismissal of this petition for the reasons stated by Judge Benton, with the exception of his reference to Rule 1:9. I believe that Rule 1:9 provides only the trial courts, and not the appellate courts, the discretionary authority to extend the time allowed for filing pleadings in a suit or action. I would therefore rely solely on Rule 5A:12(a) for extending the time to file the petition for appeal in this case.