Joe Louis WISE, Sr., Petitioner–
Appellant,

v.

David WILLIAMS; Attorney General of
the Commonwealth of Virginia,
Respondents–Appellees.

No. 92–4007.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 26, 1992.

Decided Dec. 16, 1992.

Samuel William Silver, Schnader, Harri-
son, Segal & Lewis, Philadelphia, PA, ar-
gued (James C. Crawford, on the brief), for
petitioner-appellant.

Thomas Cauthorne Daniel, Asst. Atty.
Gen., Richmond, VA, argued (Mary Sue

Terry, Atty. Gen. of Va., on the brief), for respondents-appellees.

Before HALL, WILKINSON, and LUTTIG, Circuit Judges.

## OPINION

LUTTIG, Circuit Judge:

Appellant Joe Louis Wise, Sr., appeals from a decision of the United States District Court for the Eastern District of Virginia denying his petition for a writ of habeas corpus. We affirm.

### I.

On November 8, 1984, Wise was convicted in the Mecklenburg County, Virginia, Circuit Court of capital murder, grand larceny, armed robbery, and use of a firearm in the commission of a felony. On November 9, 1984, the jury found his conduct "outrageously or wantonly vile, horrible or inhuman in that it involved aggravated battery to the victim, beyond the minimum necessary to accomplish the act of murder," and fixed his punishment at death. *See* J.A. at 354–55; Va.Code Ann. § 19.2–264.2. The Virginia Supreme Court affirmed his convictions and sentence on November 27, 1985, *Wise v. Commonwealth,* 230 Va. 322, 337 S.E.2d 715 (1985), and on April 7, 1986, the United States Supreme Court denied certiorari, 475 U.S. 1112, 106 S.Ct. 1524, 89 L.Ed.2d 921 (1986). After a hearing, the Mecklenburg County Circuit Court dismissed Wise's state habeas petition on December 11, 1989. J.A. at 56–66. Wise, however, failed to file a notice of appeal until March 28, 1990, more than two months after the expiration of the thirty-day time limit. *See* Virginia Supreme Court Rule 5:9(a).[1] After a change in court-appointed counsel and leave "to pursue an appeal," J.A. at 90, Wise appealed to the Virginia Supreme Court, which dismissed his petition for appeal on April 4, 1991, *id.* at 133. Wise then filed a petition for federal habeas corpus relief under 28 U.S.C. § 2254. On March 17, 1992, the

district court granted the Commonwealth of Virginia's motion to dismiss Wise's petition. J.A. at 326–37. On October 8, 1992, we granted a certificate of probable cause to appeal, *see* 28 U.S.C. § 2253.

### II.

The district court concluded that Wise's claims were procedurally barred from consideration because the Virginia Supreme Court's dismissal of his petition rested on an adequate and independent state law ground: his late filing of a notice of appeal. *See Coleman v. Thompson,* —— U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (affirming dismissal of habeas corpus petition as procedurally barred by failure to comply with Virginia's thirty-day requirement for filing notice of appeal).

Wise challenges that conclusion on four principal grounds. First, he argues that the procedural bar was not adequate because the Virginia Supreme Court does not strictly or regularly enforce the mandatory time limit for notice of appeal. *See Johnson v. Mississippi,* 486 U.S. 578, 587–89, 108 S.Ct. 1981, 1987–90, 100 L.Ed.2d 575 (1988) (procedural bar not "consistently or regularly applied" did not represent adequate and independent state law ground). In support of this argument, he points to a number of orders of the Virginia Supreme Court granting extensions to file an appeal. J.A. at 274–307. The periodic grant of extensions on motion, however, does not mean that the rule is not strictly and regularly enforced. *See Meadows v. Legursky,* 904 F.2d 903 (4th Cir.1990) (*en banc*) ("[C]onsistent or regular application of a state's procedural default rules does not mean undeviating adherence to such rule admitting of *no* exception." (citing *Dugger v. Adams,* 489 U.S. 401, 109 S.Ct. 1211, 103 L.Ed.2d 435 (1989))), *cert. denied,* 498 U.S. 986, 111 S.Ct. 523, 112 L.Ed.2d 534 (1990). Indeed, the conscientious consideration of motions for extension and the granting of such motions may well be evidence that the

---

1. Rule 5:9(a) provides: "No appeal shall be allowed unless, within 30 days after the entry of final judgment or other appealable order or

decree, counsel for the appellant files with the clerk of the trial court a notice of appeal...."

rule is very strictly enforced; that is, that the rule's requirement is absolute, absent express dispensation from the court.

There is no evidence that Virginia does not strictly enforce its appellate filing requirement, and Wise has cited no authority to suggest that it does not. The existing authority, in fact, confirms that the rule is rigorously enforced. *See, e.g., Coleman,* — U.S. at ——, 111 S.Ct. at 2560 ("The Virginia Supreme Court has reiterated the unwaivable nature of this requirement."); *Coleman v. Thompson,* 895 F.2d 139, 143 (4th Cir.1990) ("The district court properly concluded that the failure to comply with Rule 5:9(a) was an adequate ground to apply the bar of procedural default."), *aff'd,* — U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *School Bd. v. Caudill Rowlett Scott, Inc.,* 237 Va. 550, 379 S.E.2d 319, 323 (1989) (thirty-day time limit for filing notice of appeal is "mandatory" and jurisdictional); *Vaughn v. Vaughn,* 215 Va. 328, 210 S.E.2d 140, 142 (1974) (same); *Carlton v. Paxton,* 14 Va.App. 105, 415 S.E.2d 600, 602 (1992) ("[T]he provision for timely filing of a notice of appeal is mandatory. This court has interpreted such timeliness provisions strictly." (citations omitted)), *adopted by the court en banc,* — Va.App. ——, 422 S.E.2d 423 (Va.Ct.App. 1992); *cf. Whitley v. Bair,* 802 F.2d 1487, 1502 n. 31 (4th Cir.1986) ("Virginia courts have consistently applied their procedural default rules."), *cert. denied,* 480 U.S. 951, 107 S.Ct. 1618, 94 L.Ed.2d 802 (1987).[2]

■ Second, Wise argues that "the Virginia Supreme Court must have considered the merits of [his] appeal and not simply dismissed it on timeliness grounds." Appellant's Br. at 35; *see Ake v. Oklahoma,* 470 U.S. 68, 74–75, 105 S.Ct. 1087, 1091–92, 84 L.Ed.2d 53 (1985) (procedural bar not independent of federal law if its application

requires consideration of constitutional claims). We disagree. The Virginia Supreme Court's decision below " 'fairly appears' to rest primarily on state law." — U.S. at ——, 111 S.Ct. at 2559. As in *Coleman,* "[t]he Virginia Supreme Court stated plainly that it was granting the Commonwealth's motion to dismiss the petition for appeal," and that "[t]hat motion was based solely on [the petitioner's] failure to meet the Supreme Court's time requirements," *id.* — U.S. at ——, 111 S.Ct. at 2559. *See* J.A. at 130–33. The five Virginia cases relied upon by Wise are not to the contrary. *See* Appellant's Br. at 34–35 (citing *Tharp v. Commonwealth,* 211 Va. 1, 175 S.E.2d 277 (1970); *O'Brien v. Socony Mobil Oil Co.,* 207 Va. 707, 152 S.E.2d 278 (1967), *cert. denied,* 389 U.S. 825, 88 S.Ct. 65, 19 L.Ed.2d 80 (1967); *Stokes v. Peyton,* 207 Va. 1, 147 S.E.2d 773 (1966); *Thacker v. Peyton,* 206 Va. 771, 146 S.E.2d 176 (1966); *Cabaniss v. Cunningham,* 206 Va. 330, 143 S.E.2d 911 (1965)). The Supreme Court in *Coleman* explicitly considered all five of these cases and concluded that their "natural reading" is that "the Virginia Supreme Court will extend its time requirement *only in those cases in which the petitioner has a constitutional right to have the appeal heard.*" — U.S. at ——–——, 111 S.Ct. at 2560–61 (emphasis added).

■ Wise contends that he had such a right under the Sixth Amendment because he had been denied effective assistance of counsel by the late filing of his state habeas appeal. *Coleman,* however, rejected this argument: "There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Id.* — U.S. at ——, 111 S.Ct. at 2566 (citations omitted).[3] Wise also claims a

---

**2.** The district court and appellees appear mistaken in their belief that Wise "never moved for an extension of time," J.A. at 331, Appellee's Br. at 12. Wise's "Motion for an Order Directing the Circuit Court for Mecklenburg County to Vacate and Reinstate its Order of December 11, 1989" also sought, "in the alternative," a thirty-day extension. J.A. at 69. The Virginia Su-

preme Court, however, summarily denied the motion. *Id.* at 76.

**3.** Wise attempts to distinguish *Coleman* by emphasizing that his attorneys, unlike Coleman's, were appointed by the court so as to comply with *Giarratano v. Murray,* 668 F.Supp. 511 (E.D.Va.1986) (requiring Virginia to provide appointed counsel to indigent death row inmates who request it), *aff'd,* 847 F.2d 1118 (4th Cir.

Fourteenth Amendment due process right was created through the "special relationship" he developed with Virginia by virtue of its appointment of counsel for him. Appellant's Br. at 23–28.[4] The Supreme Court, however, has rejected such reasoning and warned that it

> rests on a premise that we are unwilling to accept—that when a State chooses to offer help to those seeking relief from convictions, the Federal Constitution dictates the exact form such assistance must assume. On the contrary, ... the State has made a valid choice to give prisoners the assistance of counsel without requiring the full panoply of procedural protections that the Constitution requires be given to defendants who are in a fundamentally different position—at trial and on first appeal as of right.

*Pennsylvania v. Finley*, 481 U.S. 551, 559, 107 S.Ct. 1990, 1995, 95 L.Ed.2d 539 (1987). Because no constitutional right was implicated, we reject Wise's argument that the Virginia Supreme Court necessarily considered the merits of his appeal before dismissing it as untimely.

■ Third, Wise argues that his counsel's failure to file a timely notice of appeal constitutes "cause," excusing his procedural default. *See Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). Under *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1988), however, his attorney's error will only constitute "cause" if Wise was denied his right to effective assistance of counsel. As explained, *supra*, Wise had

no such right in his state habeas appeal. *See Coleman*, —— U.S. at ——, 111 S.Ct. at 2568 (rejecting existence of "a constitutional right to counsel on appeal from the state habeas trial court judgment"). Moreover, Wise, like Coleman, was not deprived by his attorneys of an opportunity to have the merits of his constitutional claims reviewed. The state habeas trial court addressed the merits of those claims. *See id.* —— U.S. at ——, 111 S.Ct. at 2567.[5]

■ Finally, Wise argues that review of his claims was necessary to correct a "fundamental miscarriage of justice." *See Carrier*, 477 U.S. at 495–96, 106 S.Ct. at 2649–50. If his trial counsel had presented evidence of his abusive and criminal family environment, contends Wise, he "would have been ineligible for a death sentence." Appellant's Br. at 46. This argument is foreclosed by the Supreme Court's decision in *Sawyer v. Whitley*, —— U.S. ——, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). *Sawyer* requires Wise to show "by clear and convincing evidence that but for constitutional error, no reasonable juror would find him eligible for the death penalty under [Virginia] law." *Id.* at 2523. Here the jury sentenced Wise to death because it found the murder "outrageously or wantonly vile, horrible or inhuman," an aggravating factor under Va.Code Ann. § 19.2–264.2. The evidence showed that Wise shot William Ricketson at close range through the right eye with a pistol, smashed Ricketson's skull with shotgun blows, drowned and buried Ricketson under cinder blocks in a "hole, which had been dug for use as an outdoor toilet, [and which] was filled with

---

1988) (*en banc*), *rev'd*, 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989). Wise's reliance on this distinction is misplaced, however. The Supreme Court reversed the *Giarratano* decision in June 1989, *see Murray v. Giarratano*, 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989), well before any decision on his state habeas petition.

**4.** Of course, the district court only appointed counsel for Wise upon his request. *See* J.A. at 48, 53. Moreover, Wise bases his claim of a "right to be protected" by Virginia on cases recognizing state duties to provide safety for institutionalized mentally retarded patients, *Youngberg v. Romeo*, 457 U.S. 307, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982), to provide medical treatment to prisoners, *Estelle v. Gamble*, 429

U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), and to protect foster children whom it places in foster homes, *L.J. ex rel. Darr v. Massinga*, 838 F.2d 118 (4th Cir.1988), *cert. denied*, 488 U.S. 1018, 109 S.Ct. 816, 102 L.Ed.2d 805 (1989). None of these cases establish the duty that Wise would have us impose upon Virginia here.

**5.** Because Wise failed to show "cause" for the default, we need not address Wise's claim of prejudice. *See Smith v. Murray*, 477 U.S. 527, 533, 106 S.Ct. 2661, 2665–66, 91 L.Ed.2d 434 (1986) ("We need not determine whether petitioner has carried his burden of showing actual prejudice ..., for we think it self-evident that he has failed to demonstrate cause for his noncompliance with Virginia's procedures.").

water, mud, and human feces," and finally shot Ricketson through the chest with a shotgun. *See* 337 S.E.2d at 718–20. A rational juror could have easily found this despicable murder "outrageously or wantonly vile, horrible or inhuman" even in the face of evidence of an abusive childhood. The evidence of an abusive childhood, like "[t]he psychological evidence [that] petitioner allege[d] was kept from the jury due to the ineffective assistance of counsel" in *Sawyer,* "does not relate to petitioner's guilt or innocence of the crime." —— U.S. at ——–——, 112 S.Ct. at 2523–24. At most, it constitutes mitigating evidence, the exclusion of which does not warrant application of the "fundamental miscarriage of justice" exception. *See id.* at 2523 (exception "must focus on those elements which render a defendant eligible for the death penalty, and *not on additional mitigating evidence which was prevented from being introduced as a result of a claimed constitutional error*" (emphasis added)).

In sum, Wise has failed to show that the procedural default relied upon by the Virginia Supreme Court was not an adequate and independent state ground, that his attorneys' error constitutes cause to excuse the default, or that federal review of his claims is necessary to prevent a fundamental miscarriage of justice. Accordingly, the judgment of the district court is affirmed.

AFFIRMED.