COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Felton and Senior Judge Coleman
Argued by teleconference


COMMONWEALTH OF VIRGINIA
                                            MEMORANDUM OPINION* BY
v.        Record No. 1845-03-2                JUDGE LARRY G. ELDER
                                                JANUARY 13, 2004
HERMAN MICHAEL GREEN, JR.


        FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
                        Edward L. Hogshire, Judge

            Stephen R. McCullough, Assistant Attorney General (Jerry W.
            Kilgore, Attorney General, on brief), for appellant.

            Norman Lamson for appellee.


        Herman Michael Green, Jr. (defendant), stands indicted for possession of cocaine and

possession of a firearm while possessing cocaine.  Pursuant to Code § 19.2-398, the

Commonwealth appeals a pretrial ruling granting defendant's motion to suppress.  Defendant

moves to dismiss the petition for appeal as untimely filed.  Because the Commonwealth failed on

demand to produce an official receipt to prove timely filing of the petition by certified mail

pursuant to Rule 5A:3(c), we are without jurisdiction to consider the appeal.  Thus, we grant

defendant's motion to dismiss.

                            I.  PROCEDURAL HISTORY

        Following a routine traffic stop, defendant was charged with possession of cocaine and

indicted for that offense and possession of a firearm while in possession of cocaine.  Prior to

trial, defendant moved to suppress the cocaine as the product of an unconstitutional strip search.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The trial court granted the motion to suppress, and the Commonwealth filed a notice of appeal pursuant to Code § 19.2-402.

The Commonwealth's petition for appeal was due on August 13, 2003. The Commonwealth mailed the petition "postage pre-paid, by certified mail with a return receipt requested." The certificate of service appended to the petition indicated it was "mail[ed]" and "fil[ed]" on August 13, 2003. The envelope containing the petition bore an August 13, 2003, "meter stamp" of a "City of Charlottesville postage meter." The petition was received and filed by the Court of Appeals on August 15, 2003, and a signed certified mailing receipt showing delivery on that date was returned to the Commonwealth.

Defendant subsequently filed a motion demanding that, pursuant to Rule 5A:3(c), the Commonwealth produce the official certified mailing receipt in order to establish the petition was timely filed. The Commonwealth responded that "[n]o 'receipt' was produced other than the [dated] meter stamp on the envelope . . . because [the petition] was processed through the City of Charlottesville postage meter, as is the common practice, to avoid the unnecessary handling of petty cash, and the [petition] was then dropped in the U.S. mailbox." Defendant contended the Commonwealth's inability to produce the official mailing receipt contemplated by Rule 5A:3(c) rendered it unable to establish that the petition was timely filed. This inability to establish timely filing was jurisdictional, he argued, and required dismissal of the Commonwealth's petition for appeal.

## II. ANALYSIS

Pursuant to Code § 19.2-402(A), "the Commonwealth may petition the Court of Appeals for an appeal [from certain pretrial rulings] pursuant to § 19.2-398." In order for this Court to acquire jurisdiction over a criminal appeal, the petitioner must file a timely petition. Long v.

Commonwealth, 7 Va. App. 503, 506, 375 S.E.2d 368, 369 (1988) (*en banc*) (decided in context of 40-day limit for filing petition for appeal under Rule 5A:12(a)).

Rule 5A:3(c) provides in relevant part as follows:

> Any document required to be filed with the clerk of the Court of Appeals, or filed in the office of the clerk of the Court of Appeals, shall be deemed to be timely filed if it is mailed postage prepaid to the clerk of the Court of Appeals by registered or certified mail and if the official receipt therefor be exhibited upon demand of the clerk or any party and it shows mailing within the prescribed time limits.

The purpose of the mailing provision is not "to extend the time in which a party has to file a petition, but (1) to circumvent the inconvenience of having to personally appear in the Clerk's office to effect a filing, and (2) to protect a party from those delays which often occur in the regular dispatch of mail and naturally are outside a party's control." Reese v. Wampler Foods, Inc., 222 Va. 249, 252-53, 278 S.E.2d 870, 872 (1981) (decided under different rule, applicable to practice in Supreme Court, that contains identical language). When a party mails his petition for appeal but fails to comply with the provisions of Rule 5A:3(c) and the petition is not received in the clerk's office until after it is due, the petition is untimely filed and must be dismissed. Long, 7 Va. App. at 506, 375 S.E.2d at 369 (involving case in which petition was sent via first class rather than registered or certified mail and was received after due date).

Here, the parties agree the petition was due on August 13, 2003. The Commonwealth argues it timely filed the petition on that date by sending it via certified mail pursuant to Rule 5A:3(c). The Commonwealth concedes it obtained no "official" certified mailing receipt that "shows mailing within the prescribed time limits." It argues, however, that its method of mailing the petition met United States Postal Service regulations for mailing an item by certified mail. Further, it argues, the City of Charlottesville meter stamp on the envelope shows the date of mailing. That meter stamp, it contends, coupled with the returned receipt of delivery, which

- 3 -

confirms the manner of mailing and the Court's receipt of the petition two days after the meter stamp indicates it was mailed, are sufficient to prove compliance with the rule. We disagree.

Rule 5A:3(c) expressly contemplates that the "official receipt" for the filing sent by registered or certified mail will "it[self] show[] mailing within the prescribed time limits." The procedures for sending certified mail contained in the United States Postal Service's Domestic Mail Manual (DMM) provide a method whereby the sender may obtain an official receipt that "shows mailing within the prescribed time limits," as required by Rule 5A:3(c). See 39 C.F.R. § 111 (incorporating DMM by reference); DMM § S912 (Issue 58, Aug. 11, 2003). If a sender desires a "postmarked sender's receipt," the manual directs that he "attach [an authorized] certified mail sticker to the address side of the article and present the article and the completed [certified mail] receipt to [a postal service] employee, who then round-dates the receipt to show when the article was accepted." DMM § S912.2.5(d). By following this method, the sender obtains an official receipt that bears the date of mailing. When a sender produces on demand a receipt that itself shows timely mailing, he satisfies the requirements of Rule 5A:3(c). Given that one of the purposes of the mailing provision is "to circumvent the inconvenience of having to personally appear in the Clerk's office to effect a filing," Reese, 222 Va. at 252-53, 278 S.E.2d at 872, we find reasonable an interpretation of the rule requiring a sender to obtain an official date stamp from a local postal service employee. Cf. Long, 7 Va. App. at 505-06, 375 S.E.2d at 369 (where document was received by clerk's office after due date but official postmark showed timely mailing, holding submission not timely filed under Rule 5A:3(c) because it was sent via first class mail rather than certified or registered mail).

The Commonwealth correctly states that the Domestic Mail Manual contemplates a form of certified mail the receipt for which does not bear a postal service date stamp. See DMM § S912.2.5(d). This alternative method provides that a sender of certified mail who does not

desire a "postmarked sender's receipt" may detach the receipt, mail the article, and "[m]ark the receipt [himself] to show the date" of mailing. Id. However, the mere fact that the manual contains such a method does not mean this method complies with the express terms of Rule 5A:3(c), which require an "*official* receipt" that "shows mailing within the prescribed time limits." Rule 5A:3(c) (emphasis added). A method that permits the sending party to certify the date on which the item was mailed is fraught with opportunity for error or falsehood. Had the drafters of the Rule believed such a method was adequate, they would have provided that a certificate of service on the filing itself sufficed to establish the date of mailing, and the drafters would have had no need to formulate a rule requiring an "*official* receipt."[1]

### III.

We hold the petition for appeal was not timely filed because the Commonwealth failed on demand to produce an "official" receipt showing timely filing of the petition by certified mail as required by Rule 5A:3(c). Thus, we grant defendant's motion to dismiss due to our lack of jurisdiction over the appeal.

<u>Appeal dismissed.</u>

---

[1] Even if we were to hold that a receipt bearing the sender's notation regarding the date of mailing would suffice, the Commonwealth has produced no such receipt and represents that one does not exist.