COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Beales and Senior Judge Annunziata


BARRY LEWIS EVANS

                                                    MEMORANDUM OPINION[*]
v.      Record No. 1936-09-3                             PER CURIAM
                                                         JUNE 29, 2010
TRACIE ANNETTE DONNELLY EVANS


FROM THE CIRCUIT COURT OF GILES COUNTY
Robert M.D. Turk, Judge

(Patrick Michael McGraw; McGraw Law, P.C., on brief), for
appellant.

(Margaret E. Stone; Stone & Kellerman, P.C., on brief), for appellee.

(Linette Joy Wells, on brief), Guardian *ad litem* for the minor
children.


Barry Lewis Evans (husband) appeals an order regarding the fees for the guardian *ad litem*

(GAL) and the distribution of marital property.  Husband argues that the trial court erred by

(1) failing to make any findings, or alternatively failing to articulate any such findings, that the

$29,403 bill submitted by the GAL was reasonable; (2) failing to address husband's specific

objections to the GAL's bill and failing to make any determination of reasonableness in light of

husband's objections; (3) assessing eighty percent of the GAL's fee to be paid by husband; and

(4) entering the September 21, 2009 order which "re-distributed" the marital property, and thereby

impermissibly abrogated the terms of the final decree of divorce and allowed relitigation of the

terms of the equitable distribution order without any intervening appeal, motion to reconsider, or

other basis to change the terms of the final decree of divorce.  Upon reviewing the record and

────────────────────
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

## BACKGROUND

In 2006, husband filed a complaint for divorce. After five days of hearings, on January 29, 2009, the trial court ruled on the custody issues from the bench. It awarded joint legal custody of the children to husband and Tracie Annette Donnelly Evans (wife), with physical custody to wife and visitation to husband. The trial court entered the final decree of divorce on February 11, 2009. Neither the custody ruling nor the final decree, which reflected the parties' agreement on equitable distribution and marital debt, is at issue in this appeal.

In April 2009, the GAL submitted her itemized bill to the trial court.[1] Her bill totaled $29,403.78, which represented 228.75 hours of her time and various costs incurred from March 6, 2008 until January 29, 2009. Husband filed an objection to the bill. Wife moved that husband be responsible for the entire bill. The parties and the GAL submitted written arguments to the trial court. On May 21, 2009, the trial court issued a letter opinion, approving the GAL's entire bill and dividing the bill so that husband was responsible for eighty percent and wife was responsible for twenty percent.

On July 6, 2009, wife filed a notice for a hearing on July 28, 2009 for entry of the order reflecting the judge's ruling in his letter opinion and also sought an order requiring husband to return and install the cabinets he removed from the former marital residence after the entry of the final decree. On July 28, 2009, the trial court entered the order reflecting its ruling in the May

---

[1] From 2006 until March 11, 2008, Paul Barnett served as the children's GAL. In December 2007, husband sought to have Barnett removed as GAL. The court held a hearing on February 28, 2008 regarding husband's motion to remove Barnett as GAL. Wife supported Barnett as GAL, but did not object to a new GAL. On March 11, 2008, the trial court entered an order appointing Linette Joy Wells as the children's GAL in place of Barnett. Lora Keller also entered an appearance as the children's counsel of record, which the trial court took under advisement, since the GAL represented the children's best interests.

21, 2009 letter opinion.  It also heard testimony about the cabinets.  On September 21, 2009, the trial court entered an order stating that husband was to return and reinstall the cabinets in their prior location at the former marital residence or, in the alternative, he could keep the cabinets and pay $2,000 to wife.

On August 27, 2009, husband filed a notice of appeal, stating that he intended to appeal the order entered July 28, 2009 regarding the GAL's fee.

ANALYSIS

Issues 1 and 2

Husband argues that the trial court erred by (1) failing to make any findings, or alternatively failing to articulate any such findings, that the $29,403 bill submitted by the GAL was reasonable and (2) failing to address husband's specific objections to the GAL's bill and failing to make any determination of reasonableness in light of husband's objections.

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefore at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Rule 5A:18.  We "will not consider an argument on appeal which was not presented to the trial court."  Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).  "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention."  Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*).

Although husband argued below that the GAL's fee was unreasonable, he did not raise as grounds the trial court's failure to make findings and specifically address his objections to the bill.  "[A] specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal. . . . Making one specific argument on an issue does not preserve a separate legal point on the same issue for review."  Edwards v.

Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*) (citations omitted). See also Scialdone v. Commonwealth, 279 Va. 422, 437, 689 S.E.2d 716, 724 (2010). Pursuant to Rule 5A:18, we decline to consider on appeal issues not raised in the trial court.

Husband did not file a transcript or statement of facts. Therefore, we do not know what oral arguments he made to the trial court. The record includes husband's "Objections to Itemized Bill of Guardian Ad Litem, Linette Joy Wells" and his written argument regarding the GAL's fees and division thereof. The record also includes the final order in which husband stated the following objections:

> Objections on bases [sic] of all previous written submissions including Plaintiff's Objections to the GAL's written itemized bill submitted by separate pleading, Plaintiff's written position previously submitted to the court, all of which objections are incorporated herein by this reference and all arguments of counsel upon the hearing of this matter.

The record does not contain husband's specific objections that the trial court should have made findings on the reasonableness of the GAL's fees and should have addressed each one of husband's objections to the bill. Therefore, Rule 5A:18 precludes us from considering these issues.

The second part of husband's second question presented is properly preserved. He contends the trial court erred in failing to make any determination of reasonableness in light of husband's specific objections.

"'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'" Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

The trial court explained in its letter opinion that "[e]ach of the parties had an opportunity to brief these issues [including the GAL fees] and I have reviewed them in arriving at my decisions herein." The trial court approved the GAL's bill finding that "the unusual circumstances of this case justify the expenses set forth in Ms. Wells' statement." The trial court noted that the case lasted "some three to four years" and that there were "numerous hearings." The final hearing took five days. The GAL "was required to make numerous visits with the children and speak with the counselor on a number of occasions." Two custody evaluations were conducted and, on June 30, 2008, the trial court ordered the GAL to schedule the children's counseling appointments and the custody evaluation, as well as to transport the children to the custody evaluator's office, if requested.

After considering husband's objections to the GAL's fees and the unusual circumstances of this case, the trial court found the GAL's fees to be "justif[ied]." Based on the record before us, we find the trial court did not err in making any determination of reasonableness in light of husband's specific objections.

## Issue 3

Husband argues that the trial court erred in assessing eighty percent of the GAL's bill to him. "The decision to apportion guardian fees between both parties or to one party alone also involves a matter within the chancellor's discretion." Kane v. Szymczak, 41 Va. App. 365, 375, 585 S.E.2d 349, 354 (2003).

> Indivisible from the power of appointment is the associated power equitably to apportion the fees and expenses of the guardian *ad litem* as costs to the parties. Code §§ 20-79(b) and 20-99(5) provide the statutory basis for the award of such costs as equity and justice may require. Such an award is considered remedial and is within the recognized "discretion of a court of equity over the subject of costs." Code § 14.1-177.

Verrocchio v. Verrocchio, 16 Va. App. 314, 322, 429 S.E.2d 482, 487 (1993).

The trial court stated in its letter opinion that husband "created the majority of this scenario and he, therefore, should be the one to bear the burden of the costs for that." The trial court noted that Wells was the second GAL involved in this case because husband requested a new GAL when he was "not comfortable" with Barnett's findings; however, Wells' findings were similar to Barnett's findings. The trial court also explained, "this was a very unusual case that took extensive time and effort from the guardian *ad litem*."

Given the circumstances of this case, the trial court did not abuse its discretion in ordering that husband be responsible for eighty percent of the GAL's bill.

Issue 4

By an order entered on September 21, 2009, the trial court directed husband to return and reinstall the cabinets to the former marital residence, or alternatively pay wife $2,000. Husband failed to file a notice of appeal for this order. The notice of appeal filed by husband on August 27, 2009 notes his appeal of the court order entered on July 28, 2009, not the September order. Therefore, appellant failed to perfect an appeal of the September 21, 2009 order. "This Court has held that filing a timely notice of appeal is a mandatory prerequisite to an appellate court acquiring jurisdiction over a case." Ghameshlouy v. Commonwealth, 279 Va. 379, 390, 689 S.E.2d 698, 703-04 (2010). See also Vaughn v. Vaughn, 215 Va. 328, 329, 210 S.E.2d 140, 141 (1974) (finding a notice of appeal that fails to identify accurately the cause being appealed does not perfect an appeal within the allotted time); Lyons v. Galanides, Inc., 207 Va. 874, 876, 153 S.E.2d 221, 225 (1967) (holding a notice of appeal identifying the wrong order does not effect an appeal of another order that an appellant intends to appeal); Rule 5A:6 ("No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, . . . counsel files with the clerk of the trial court a notice of appeal . . . .").

Therefore, husband's appeal of the September 21, 2009 order is dismissed.

Attorney's fees

Wife has requested an award of attorney's fees and costs incurred on appeal, and husband has requested an award of costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Because husband's appeal is entirely "without merit," and on consideration of the entire record before us, we find that sufficient reason exists to grant wife's request for attorney's fees and costs incurred in this appeal. Robinson v. Robinson, 54 Va. App. 87, 98, 675 S.E.2d 873, 879 (2009); O'Loughlin, 23 Va. App. at 695, 479 S.E.2d at 100. As a result, we decline husband's request for an award of costs incurred in this appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27. However, we remand this case to the trial court in order for it to award to wife the reasonable attorney's fees and costs that she incurred in defending this appeal.

Affirmed.