RICHARD LEE HAYWOOD

v.

COMMONWEALTH OF VIRIGNIA

No. 1818-91-1

Decided November 3, 1992

Counsel

William E. Johnson (Greene & Associates, on brief), for appellant.

No brief or argument for appellee.

## UPON REHEARING EN BANC

OPINION

**WILLIS, J.**—By order entered December 16, 1991, we dismissed the petition for appeal in this case on the ground that it was not timely filed. Subsequently, we agreed to rehear the issue of timeliness en banc. Upon reconsideration, we affirm our December 16, 1991 ruling and dismiss the petition.

The petitioner was convicted in the trial court on July 17, 1989. His initial petition for appeal was dismissed because it was not timely filed. Upon his petition for a writ of habeas corpus, the Supreme Court awarded him a delayed appeal, directing that computations of time should run from the date of its order or from the date of the order appointing the petitioner's counsel, whichever was later. The petition for appeal was thereby required to be filed with the Clerk of this Court by December 2, 1991. *See* Rule 5A:12(a). On November 27, 1991, counsel for the petitioner mailed the petition for appeal to the Clerk of this Court, with a copy to opposing counsel. Opposing counsel received the petition on December 2, but it was not received in the Clerk's office until December 3.

The filing requirement of Rule 5A:12(a) is unambiguous, mandatory, and jurisdictional. *See Long v. Commonwealth*, 7 Va. App. 503, 505-06, 375 S.E.2d 368, 369 (1988). "Filed with the Clerk" means "deliver to the Clerk specified." Rule 5A:1(b)(10). Thus, the filing requirement for the petition for appeal was not accomplished until the petition was physically delivered to the Clerk on December 3, a day late.

It makes no difference that this appeal was sought pursuant to an order from the Supreme Court granting a delayed appeal. That order merely authorized the delayed initiation of the appeal. It did not otherwise vary the jurisdictional and procedural time constraints.

The petitioner could have accomplished filing of the petition with the Clerk by mailing it timely to the Clerk postage prepaid by registered or certified mail, exhibiting the receipt therefor upon demand. Rule 5A:3(c). He did not follow this procedure. By using conventional mail, he assumed the risk of the mail being delayed or misdirected.

This ruling addresses only the jurisdictional insufficiency of the petition for appeal which is before us. It is not prejudicial to the right of

the petitioner, through collateral proceedings, to seek further special relief.

*Dismissed.*

Koontz, C.J., Baker, J., Barrow, J., Coleman, J., Moon, J., Bray, J. and Fitzpatrick, J., concurred.

Benton, J., dissenting.

The record reflects that petitioner's counsel mailed the petition to this Court's clerk's office by "priority mail" on November 29, 1991. The United States Postal Service erroneously forwarded the petition for appeal to the United States Court of Appeals for the Fourth Circuit. As it customarily does when this Court's mail is misdirected to its offices, the United States Court of Appeals stamped the envelope "NOT FOR UNITED STATES COURT OF APPEALS FOURTH CIRCUIT" and returned it to the postal service. The postal service then delivered the petition to this Court's clerk's office on December 3, one day past the date it was due.

For the precise reasons that I stated in *Long v. Commonwealth*, 7 Va. App. 503, 507-09, 375 S.E.2d 368, 369-71 (1988) (Benton, J., dissenting), I would grant an extension of one day, issue an appropriate sanction for counsel's failure to comply with the rules, and proceed to review the petition for appeal.

> This Court's refusal to exercise its ability to extend the filing time so as to allow a merits review of this case only perpetuates the inefficiency and delay that embroils the criminal justice system. In order to secure a merits review of his conviction, this petitioner now must either seek reversal by an appeal to the Supreme Court or file a habeas corpus petition in the circuit court. If a habeas corpus petition is filed, the Commonwealth will file the predictable response that petitioner was impermissibly denied a right to petition for review. Undoubtedly, the circuit court will conclude (as has happened in countless other cases dismissed for similar reasons) that petitioner has been denied his right to petition for appeal. It will then order the Commonwealth to petition this Court "to allow petitioner to belatedly appeal the . . . conviction, or to retry the petitioner if the Commonwealth be so advised." This Court routinely grants such petitions and eventually conducts a delayed merits review. This scenario, of course, assumes that a petitioner is informed or understands that his review

has been terminated for procedural reasons. Significantly, at no point in this process is the derelict party, the attorney who neglected her obligation to her client, called upon to account for the neglect or otherwise sanctioned with a view toward eliminating negligent practice.

*Id.* at 508-09, 375 S.E.2d at 370-71.

Petitioner was convicted March 20, 1989. That his petition for appeal has not yet been considered by this Court is intolerable. I dissent.

Elder, J., dissenting.

I concur with the logic of Judge Benton's dissent, but find this case distinguishable from *Long v. Commonwealth*, 7 Va. App. 503, 375 S.E.2d 368 (1988). In the case before us, unlike *Long*, the Supreme Court awarded petitioner a delayed appeal as a result of his petition for a writ of habeas corpus. Petitioner's previous counsel had also missed a filing deadline.

Petitioner's current counsel filed his petition for appeal one day late due to an error of the United States Postal Service. By dismissing this petition for appeal under these circumstances we are inevitably setting into motion a series of events that will lead to another petition for a writ of habeas corpus and another award of a delayed appeal by the Supreme Court. This practice clearly is an inefficient use of our judicial system and unnecessarily elevates form over substance. I would create an exception to the interpretation this Court has given Rule 5A:12(a) under *Long* and grant an extension of the filing deadline of up to thirty days, as allowed by the rule, when the petition involves a delayed appeal ordered by the Supreme Court.