COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Bumgardner and Lemons
Argued at Salem, Virginia


CLARENCE H. CARTER, COMMISSIONER,
 VIRGINIA DEPARTMENT OF SOCIAL SERVICES
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1437-98-3           JUDGE DONALD W. LEMONS
                                       SEPTEMBER 7, 1999
CARL RICHARD CRABTREE, SR.


            FROM THE CIRCUIT COURT OF RUSSELL COUNTY
                 Donald A. McGlothlin, Jr., Judge

          Daniel J. Poynor, Assistant Attorney General
          (Mark L. Earley, Attorney General; Ashley L.
          Taylor, Jr., Deputy Attorney General;
          Siran S. Faulders, Senior Assistant Attorney
          General, on briefs), for appellant.

          Susan Gumm Kennedy (Client Centered Legal
          Services of Southwest Virginia, Inc., on
          briefs), for appellee.


     Clarence H. Carter, Commissioner of the Virginia Department

of Social Services (DSS), contends the trial court erred in

overruling DSS's demurrer and motion to dismiss and in reversing

and remanding the DSS findings against Carl Richard Crabtree of

sexual abuse, physical abuse and inadequate supervision.  On

appeal, the Commissioner argues that the court did not have

jurisdiction to hear Crabtree's appeal.  We agree and reverse

and remand.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

## I. BACKGROUND

On December 14, 1995, a hearing officer designated by the Commissioner (the "Commissioner") of the DSS issued her decision sustaining findings of sexual abuse, physical abuse and inadequate supervision against Carl Richard Crabtree. On the same day, the Commissioner sent notice of the decision to Crabtree by certified mail.

By letter dated January 10, 1996, Crabtree sent notice of his intention to appeal the DSS findings. The cover letter sent with the notice was stamped "Received" by the DSS on January 19, 1996. On February 9, 1996, Crabtree's petition for appeal was filed in the Russell County Circuit Court. On March 20, 1996 the Commissioner filed a demurrer and a motion to dismiss on the ground that the notice of appeal was not timely filed.

In its final order, the trial court stated that the "Notice of Appeal was timely filed in accordance with Rule 2A:2 of the Rules of the Supreme Court of Virginia on January 10, 1996, when it was placed in the U.S. Mail, by certified mail, return receipt requested, postage prepaid." The court also stated that "the Notice of Appeal does not have to be received by the Department of Social Services within the 30-day notice period for this appeal to be perfected, but only that, when mailed by registered or certified mail, it must be mailed within the 30-day period."

-

II.  DEFINITION OF "FILING"

The trial court held that Rule 2A:2 of the Rules of Supreme Court of Virginia was satisfied when Crabtree mailed his notice of appeal within the appropriate filing period.  Rule 2A:2 states in relevant part:

> Any party appealing from a . . . case decision shall file, within 30 days after adoption of the regulation or after service of the final order in the case decision, with the agency secretary a notice of appeal signed by him or his counsel. . . . [S]ending notice of appeal to an agency's counsel shall not satisfy the requirement that a notice of appeal be filed with the agency secretary.

The language of Rule 2A:2 distinguishes between "sending" and "filing."  Filing requires actual receipt.  See School Board of Loudoun County v. Burk, 249 Va. 163, 455 S.E.2d 228 (1993) (where school board did not actually receive notice of appeal which had been mailed during ten-day statutorily prescribed period for "filing," trial court did not have jurisdiction to hear the matter).

We have interpreted the meaning of "filing" elsewhere in the Rules.  In Haywood v. Commonwealth, 15 Va. App. 297, 298, 423 S.E.2d 202, 203 (1992), we found that "filing" under Rule 5A:1(b)(10) meant "physical delivery."  We hold that physical delivery, not posting in the United States mail, is required for satisfying the "filing" requirement under Rule 2A:2.  Accordingly, we hold that the trial court erred in finding that

-

Rule 2A:2 was satisfied when Crabtree mailed his notice of appeal within the period of time prescribed for filing.

### III. APPLICATION OF RULE 1:7

We must now decide whether Crabtree's filing occurred within the time allotted.

Rule 2A:2 states, in relevant part:

> Any party appealing from a . . . case decision shall file, within 30 days after adoption of the regulation or after service of the final order in the case decision, with the agency secretary a notice of appeal signed by him or his counsel.  In the event that service of a case decision upon a party is accomplished by mail, 3 days shall be added to the 30-day period.  Service under this Rule shall be consistent with [Code] § 9-6.14:14 and, if made by mail, shall be sufficient if sent by registered or certified mail to the party's last address known to the agency.

The Commissioner maintains that the thirty-day period within which Crabtree was required to file his notice of appeal began on December 14, 1995, the day the Commissioner sent Crabtree notice of the decision.  The Commissioner argues that the extra three days allotted for mailing resulted in a filing deadline of January 16, 1996.  The Commissioner further argues that because Crabtree's notice of appeal was not received until January 19, 1996, it was not timely filed, and the court had no jurisdiction to hear the appeal.

Crabtree argues that because the DSS utilized the mail to inform him of the decision, its action increased the appeal

-

period from thirty days to thirty-three days.  Additionally, he argues that because he chose to note his appeal by mail the provisions of Rule 2A:2 are supplemented by an additional three days pursuant to Rule 1:7, and the filing period is extended for an additional three days for a total of thirty-six days.  If Crabtree is correct, his filing was on the thirty-sixth day and was timely.

Rule 1:7 states in relevant part:

> Whenever a party is required or permitted under these Rules, or by direction of the court, to do an act within a prescribed time after service of a paper upon counsel of record, three (3) days shall be added to the prescribed time when the paper is served by mail, or one (1) day shall be added to the prescribed time when the paper is served by facsimile or commercial delivery service. With respect to Parts Five and Five A of the Rules, this rule applies only to the time for filing a brief in opposition.

By its terms Rule 1:7 does not apply to this case.  Rule 1:7 grants an additional three days for response after "service of a paper upon counsel of record."  The "service of a paper" in this case, under Rule 2A:2, refers to the Commissioner's communication of notice of the agency decision and does not refer to the manner in which Crabtree chose to file his appeal to the circuit court.

## IV.  CONCLUSION

Because Crabtree's filing of his notice of appeal did not take place within the time allotted for filing an appeal of an

-

agency determination, the trial court was without jurisdiction to remand the case to the Department of Social Services for further administrative hearings.  We remand for the entry of an order dismissing the appeal of the agency determination.

<u>Reversed and remanded.</u>