COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, AtLee and Malveaux
Argued at Fredericksburg, Virginia

UNPUBLISHED

RICARDO HOWELL

MEMORANDUM OPINION* BY
v.      Record No. 0712-19-4      JUDGE GLEN A. HUFF
DECEMBER 10, 2019

VIRGINIA DEPARTMENT OF SOCIAL SERVICES

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
William T. Newman, Jr., Judge

Luis A. Perez (Luis A. Perez, PC, on briefs), for appellant.

Jennifer C. Williamson, Senior Assistant Attorney General
(Mark R. Herring, Attorney General; Cynthia V. Bailey, Deputy
Attorney General; Kim F. Piner, Senior Assistant Attorney
General/Section Chief, on brief), for appellee.

On April 11, 2018, the Virginia Department of Social Services ("DSS" or the "agency")

issued a final agency determination that Ricardo Howell ("appellant") sexually abused his

daughter. Appellant appealed to the Circuit Court of Arlington County pursuant to the Virginia

Administrative Process Act ("VAPA"). DSS filed a plea in bar, arguing that appellant failed to

timely file his notice of appeal. The circuit court agreed and dismissed the appeal. Appellant

contends that this was error for two reasons:

> I. The trial [c]ourt erred when it refused to hear evidence
> contradicting or disputing the record of the agency regarding the
> actual date of receipt of the [n]otice of [a]ppeal after the issuance
> of the final order subject of the appeal.
>
> II. The trial [c]ourt erred by denying the appellant an evidentiary
> hearing disputing the issue of fact raised by the appellant in the
> [p]lea in [b]ar.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The circuit court erred by applying an incorrect legal standard and refusing to hear evidence outside of the agency record for purposes of the plea in bar. Appellant, however, stipulated that DSS did not physically receive the notice of appeal within the requisite period. Therefore, the notice of appeal was untimely. Accordingly, this Court affirms because the trial court reached the right result for the wrong reason.

## I. BACKGROUND

On January 5, 2017, the Arlington Department of Human Services received a complaint alleging that appellant may have sexually abused his daughter, S.H. On April 19, 2017, the Arlington Department of Human Services made a disposition of "Founded—Sexual Abuse (Sexual Molestation)—Level One" against appellant. On June 14, 2017, a local conference appeal sustained that decision. Appellant subsequently appealed the matter to DSS. On April 11, 2018, DSS issued a final agency determination sustaining the disposition. Appellant had until May 14, 2018 to timely file his notice of appeal with the agency. Appellant's notice of appeal was not stamped "filed" by the agency until May 16, 2018. The Commonwealth filed a plea in bar with the circuit court, arguing that appellant failed to timely file his notice of appeal.

At the hearing for the plea in bar, DSS contended that appellant was unable to present additional evidence because the circuit court could only consider the agency record to determine whether the notice of appeal was timely. Appellant argued that additional evidence was appropriate because the procedural posture of a plea in bar takes it outside the evidentiary constraints of VAPA. Appellant then proffered tracking information from the United States Postal Service ("USPS") which showed that the notice of appeal went "out for delivery" on May 14. The USPS tracking information further showed that the envelope containing the notice of appeal was marked as "delivered" on May 15, when a DSS representative physically picked up the agency's mail from its box. Appellant also proffered an unsworn affidavit of a USPS

employee which stated that the notice of appeal was placed in the agency's mailbox and available for pickup on May 14. The affidavit further noted, however, that it was not placed in the agency's mailbox until after the DSS had picked up its mail on May 14.

The circuit court ruled that it could not receive any additional evidence and was obligated to rule on the agency record. The circuit court then sustained the plea in bar. A subsequent motion to reconsider—which attached the USPS tracking information and the USPS employee's affidavit as exhibits—was also denied. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews a circuit court's ruling on a plea in bar under well-settled principles. The circuit court's factual findings will not be disturbed "unless they are plainly wrong or without evidence to support them, but we will review *de novo* its conclusions of law." J.V. v. Stafford Cty. Sch. Bd., 67 Va. App. 21, 34 (2016) (quoting D.R. Horton, Inc. v. Bd. of Supervisors, 285 Va. 467, 472 (2013)).

Review of a circuit court's interpretation of the Rules of the Supreme Court of Virginia and other relevant statutory language is also conducted *de novo*. Muse Const. Grp., Inc. v. Commonwealth Bd. for Contractors, 61 Va. App. 125, 130 (2012). In construing such language, this Court "must give effect to the [drafters'] intention[s] as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity." Id. at 130-31 (quoting Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104 (2007)) (alterations in original).

## III. ANALYSIS

In its plea in bar, the Commonwealth argued that the determination of whether a notice of appeal was timely filed must be restricted to the agency record. It contended that no extraneous

evidence could be heard or considered by the circuit court. The circuit court agreed, restricted its review to the agency record, and sustained the plea in bar. This was error.

"A plea in bar is a defensive pleading that reduces the litigation to a single issue, which, if proven," bars a plaintiff or appellant's action. Ferguson Enterprises, Inc. v. F.H. Furr Plumbing, Heating & Air Conditioning, Inc., ___ Va. ___, ___ (Aug. 1, 2019). "The party asserting a plea in bar carries the burden of proof." Id. at ___. "The issue raised by a plea in bar may be submitted for decision based on a discrete body of facts identified by the parties through their pleadings, or developed through the presentation of evidence supporting or opposing the plea." Id. at ___.

The circuit court short-circuited the typical evidentiary procedure in a plea in bar by ruling that it could only consider the agency record in determining whether the notice of appeal was timely filed. In doing so, the court ostensibly relied on Code § 2.2-4027, which governs the review of agency decisions. Under that provision, *agency decisions* are reviewed on the agency record and the reviewing court is limited to determining whether substantial evidence supports the agency's decision. Code § 2.2-4027. The trial court, however, was not reviewing an agency decision. It was determining, in the first instance, whether the notice of appeal from that decision was timely filed. As such, the trial court erred in restricting its review to the agency record and refusing to consider evidence proffered by appellant.

Nevertheless, this Court may affirm the trial court's ruling under the right result, wrong reason doctrine. "Under the right result for the wrong reason doctrine, 'it is the settled rule that how[ever] erroneous . . . may be the reasons of the court for its judgment upon the face of the judgment itself, if the judgment be right, it will not be disturbed on account of the reasons.'" Perry v. Commonwealth, 280 Va. 572, 579 (2010) (alterations in original) (quoting Schultz v. Schultz, 51 Va. (10 Gratt.) 358, 384 (1853)). The doctrine is applicable where further factual

resolution is not needed before the right reason may be assigned to support the lower court's decision. Id.

The material facts are uncontested on this issue. The agency issued its final case decision on April 11. Appellant mailed his notice of appeal on May 11. It was received at the DSS's local post office and placed in the agency's mailbox on May 14. The notice of appeal was physically picked up by an agent of the DSS on May 15 and stamped "filed" by the agency on May 16. May 14 marked the expiration of appellant's thirty-three-day window[1] to timely file his notice of appeal.

Failure to timely file a notice of appeal leaves the reviewing court without jurisdiction to hear the appeal. Bd. of Supervisors of Fairfax Cty. v. Bd. of Zoning Appeals of Fairfax Cty., 271 Va. 336, 347 (2006). Therefore, this issue turns on whether the notice of appeal was "filed" when it reached the agency's mailbox on May 14. This Court holds that it was not.

For a document to be "filed," it must be delivered to and physically received by the agency or court with which it is being filed. See, e.g., Sch. Bd. of the Cty. of Loudoun v. Burk, 249 Va. 163, 163 (1995) (holding that a notice of appeal was untimely because the school board did not receive it within the statutory period); Haywood v. Commonwealth, 15 Va. App. 297, 298 (1992) (holding that a petition for appeal was untimely because it was not "physically delivered to the Clerk" within the statutory period); Rule 5A:1(c)(9) ("'File with the clerk' . . . means deliver to the clerk specified."); File, Black's Law Dictionary (11th ed. 2009) ("to deliver a legal document to the court clerk or record custodian for placement into the official record").

---

[1] "Any party appealing from a . . . case decision shall file with the agency secretary, within 30 days . . . after service of the final order in the case decision, a notice of appeal." Rule 2A:2(a). If the case decision is served by mail, three additional days are allotted to file a notice of appeal. Id.

In other words, to accomplish filing, the court or agency with which the document is to be filed must receive actual possession of the document.

It is undisputed that the agency did not receive actual possession of appellant's notice of appeal until May 15, when its agent picked up its mail. Instead, appellant argues that his notice of appeal was delivered to and received by the agency when it was placed in the agency's mailbox at the post office. In essence, appellant argues that constructive possession is sufficient. This is incorrect. Under Rule 2A:2, the agency must receive actual possession for a document to be "filed."[2] Because the DSS did not receive actual possession of the notice of appeal within the prescribed time limits, the notice of appeal was untimely. Therefore, the circuit court reached the right result in dismissing the appeal; albeit for the wrong reason.

## IV. CONCLUSION

The circuit court erred in refusing to hear appellant's evidence on a plea in bar. Nevertheless, it reached the right result in sustaining the plea in bar because appellant's notice of appeal was not physically delivered to and received by the agency within the requisite time period. Therefore, this Court affirms.

<u>Affirmed.</u>

---

[2] Appellant does not argue that the agency was not regularly picking up its mail from the post office. Therefore, this Court expresses no opinion on whether due process would require a notice of appeal be deemed timely filed if it was received late because of an agency's failure or refusal to pick up its mail.